**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **VIVIAN PETERS,** | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 4:13-cv-213 |
| | § | |
| **SODEXO, INC.** and | § | |
| **SDH SERVICES EAST, LLC,** | § | |
| Defendants. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Vivian Peters, Plaintiff, and files this original complaint against Sodexa, Inc. (hereinafter "Sodexo") and SDH Services East, LLC (hereinafter "SDH Services") (hereinafter collectively "Defendants"), and would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiff is an individual residing in Grayson County, Texas.

2. Defendant Sodexo, Inc. is a foreign for-profit corporation doing business in Texas and may be served by serving its registered agent, Corporate Creations Network, Inc. 4265 San Felipe #1100, Houston, Texas 77027.

3. Defendant SDH Services East, LLC is a foreign limited liability company doing business in Texas and may be served by serving its registered agent, Corporate Creations Network, Inc. 4265 San Felipe #1100, Houston, Texas 77027.

### II. JURISDICTION

4. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended; 42 U.S.C. § 2000e, *et seq*. (Unlawful

Employment Practices), as amended; 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended; and 29 U.S.C. § 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended.

5. All prerequisites to filing suit have been met.

### III. FACTS

6. Plaintiff was employed by Sodexo, Inc. and SDH Services East LLC for over three years. She was employed at Texoma Medical Center, located in Denison, Texas beginning on or about August 1, 2008. On or about May 1, 2012, she was discharged. At the time of her discharge, she was employed as a cashier. Plaintiff was 50 years old at her discharge.

7. On or about October 14, 2011, Plaintiff was approved for leave under The Family and Medical Leave Act ("FMLA") while she underwent surgery for repair of a torn rotator cuff (right) and subsequent recuperation and physical therapy.

8. Plaintiff subsequently requested and was granted extension of the FMLA leave to April 30, 2012. In correspondence dated April 18, 2012, she was granted this extension and informed her return to work date was May 1, 2012.

9. On May 1, 2012, Plaintiff returned to work. Her physician, Stephen D. Sandoval, M.D., had provided a doctor's note dated April 24, 2012 with that return to work date along with her restrictions. Defendants acknowledged receiving this doctor's note on April 25, 2012.

10. When Plaintiff returned to work on May 1, 2012, Beth Shumaker, General Manager, informed her that they did not have any positions that could accommodate the 10-15 pound lifting restriction.

11. In correspondence dated May 7, 2012, Jessica Ballard, Human Resources Manager, stated

they had no positions available that accommodated the lifting restriction and therefore Plaintiff was terminated effective May 1, 2012.

12. Plaintiff's position as cashier did not have a lifting requirement.

13. Defendants made no effort to offer reasonable accommodation to Plaintiff for any alleged lifting restriction.

14. Other employees had received light duty when returning from surgery.

15. Carrie Branham, a cook, (white, aged 40-45 years) was given light duty taking patients' meal orders by telephone when she returned from having surgery on her hand.

16. Toni Walker, a grill cook, (white, aged approximately 30 years) was out approximately 6-8 months after having neck surgery. Ms. Walker failed to return on time but was allowed to return to work two weeks later and was returned to her position as cook.

17. Upon information and belief, Plaintiff was replaced by a younger, less experienced individual, Jackie (Last Name Unknown) (Hispanic, aged approximately 18 years).

18. At the time of her discharge, Plaintiff was earning approximately $8.59 per hour period plus overtime, shift differential, and benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended

19. A. Plaintiff alleges she was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended, protecting Plaintiff (50 years of age) from discrimination on the basis of age.

20. B. Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967), as amended.

21. C. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq*. (Age Discrimination in Employment Act of 1967), as amended.

22. D. On or about July 27, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 8, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 7, 2013.

23. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

**Violations of 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended**

24. A. Plaintiff alleges that she was discharged in violation of 42 U.S.C. 2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination in the workplace on the basis of race (African-American).

25. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended.

26. C. Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. § 2000e, e*t seq*. (Unlawful Employment Practices), as amended.

27. D. On or about July 27, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 8, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 7, 2013.

28. In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## COUNT III

### Violations of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended

29.   A.   Plaintiff alleges that she was discharged in violation of 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of his disability or perceived disability.

30.   B.   Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

31.   C.   Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended.

32.   D.   On or about July 27, 2012, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On March 7, 2013, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated March 8, 2013.

33.   In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## COUNT IV

### Violations of 29 U.S.C. 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended

34.   A.   Plaintiff would show Defendants' conduct constitutes a violation of 29 U.S.C. 2601, *et seq.* (The Family and Medical Leave Act) ("FMLA"), as amended, protecting Plaintiff from retaliation in violation of same.

35.   B.   Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 2601, *et seq*., (The Family Medical and Leave Act) ("FMLA"), as amended.

36. C. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 2601, *et seq.*, (The Family Medical and Leave Act) ("FMLA"), as amended.

## V.  DAMAGES

37. Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendants' wrongful conduct. Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967), as amended; 42 U.S.C. § 2000e, *et seq*. (Unlawful Employment Practices), as amended; 42 U.S.C. §12101, *et seq*. (The Americans with Disabilities Act of 1990) ("ADA"), as amended; and 29 U.S.C. § 2601, *et seq. (*The Family and Medical Leave Act) ("FMLA"), as amended.

## VI. ATTORNEY'S FEES

38. Plaintiff would show that, as a result of Defendants' wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

39. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; liquidated damages; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law

        112 South Crockett Street
        Sherman, Texas 75090
        (903) 893-1616 (telephone)
        (903) 813-3265 (facsimile)
        ronhuff@gcecisp.com


        /s/ Ronald R. Huff_____
        Ronald R. Huff (SBN 10185050)
        **ATTORNEY FOR PLAINTIFF**